UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
ECKBLADE, RICHARD W § Case No. 14-17016
§
Debtor(s) §

## UWEEGUUQT TRUSTEE'S FINAL REPORT (TFR)

The undersigned uweeguuqt trustee hereby makes this Final Report and states as follows:

1. A petition under chapter ___ of the United States Bankruptcy Code was filed on ___. The undersigned trustee was appointed on ___.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of         $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]     $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

      5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

      6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

      7.  The Trustee's proposed distribution is attached as **Exhibit D**.

      8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

      The trustee has received $\_\_\_\_\_ as interim compensation and now requests a sum of $\_\_\_\_\_, for a total compensation of $\_\_\_\_\_[2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $\_\_\_\_, and now requests reimbursement for expenses of $\_\_\_\_, for total expenses of $\_\_\_\_\_[2].

      Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Elizabeth C. Berg, Uweeguwqt"Trustee_____
                                                       Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 14-17016   DRC   Judge: DONALD R. CASSLING | Trustee Name: | Elizabeth C. Berg, Succ. Trustee |
|---|---|---|---|
| Case Name: | ECKBLADE, RICHARD W | Date Filed (f) or Converted (c): | 05/05/14 (f) |
| | | 341(a) Meeting Date: | 06/09/14 |
| For Period Ending: | 04/30/15 | Claims Bar Date: | 10/07/14 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Condo Unit 132 N Water Street Unit 401 Batavia, IL | 289,700.00 | 0.00 | | 0.00 | FA |
| 2. 418 Prairie Street Batavia, IL 50% Interest | 158,590.00 | 0.00 | OA | 0.00 | FA |
|    Trustee compelled to abandon property pursuant to order 1/9/15 | | | | | |
| 3. 551 Washington Batavia, IL 50% Interest | 147,600.00 | 0.00 | OA | 0.00 | FA |
|    Trustee compelled to abandon property pursuant to order 1/9/15 | | | | | |
| 4. 129 Fayette Batavia, IL 50% Interest | 147,600.00 | 0.00 | OA | 0.00 | FA |
|    Trustee compelled to abandon property pursuant to order 1/9/15 | | | | | |
| 5. 541 Washington Batavia, IL | 65,867.00 | 0.00 | | 0.00 | FA |
|    Trustee compelled to abandon property pursuant to order 1/9/15 | | | | | |
| 6. 543 Washington Batavia, IL | 65,867.00 | 0.00 | OA | 0.00 | FA |
|    Trustee compelled to abandon property pursuant to order 1/9/15 | | | | | |
| 7. 111 Franklin Batavia, IL | 167,000.00 | 51,736.50 | | 41,000.00 | FA |
| 8. VOID (u) | Unknown | 0.00 | | 0.00 | FA |
| 9. Cash | 220.00 | 220.00 | | 220.00 | FA |
| 10. Old Second Bank Checking | 1,522.07 | 0.00 | | 0.00 | FA |
| 11. Old Second Bank Money Fund | 525.18 | 525.18 | | 525.00 | FA |
| 12. TDAmeritrace Checking Savings Investment Account | 2,915.39 | 437.46 | | 435.00 | FA |
| 13. Misc household goods and items 5-10 years old | 1,500.00 | 1,500.00 | | 0.00 | FA |
| 14. Used clothing | 500.00 | 500.00 | | 0.00 | FA |
| 15. Sports, Hobby Equip, Firearms | 450.00 | 450.00 | | 0.00 | FA |
| 16. Prudential life insurance | 7,596.90 | 0.00 | | 0.00 | FA |
| 17. Country Life Insurance | 0.00 | 0.00 | | 0.00 | FA |
| 18. IRA Richard W. Eckblade | 883,844.80 | 0.00 | | 0.00 | FA |
| 19. Roth IRA Richard W. Eckblade | 532,312.00 | 0.00 | | 0.00 | FA |
| 20. S.D.& B ENTERPISES, INC. 25% Ownership 201 Houston | 0.00 | 0.00 | | 0.00 | FA |
|    Mortgage balance exceeds value of real estate as to corporation therefore | | | | | |

LFORM1   UST Form 101-7-TFR (5/1/2011) *(Page: 3)*   Ver: 18.04

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 2

Exhibit A

| Case No: | 14-17016 | DRC | Judge: DONALD R. CASSLING | | Trustee Name: | Elizabeth C. Berg, Succ. Trustee |
|---|---|---|---|---|---|---|
| Case Name: | ECKBLADE, RICHARD W | | | | Date Filed (f) or Converted (c): | 05/05/14 (f) |
| | | | | | 341(a) Meeting Date: | 06/09/14 |
| | | | | | Claims Bar Date: | 10/07/14 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| debtor's interest has no value. | | | | | |
| 21. S.D.&A ENTERPRISES, INC. 25% ownership 24 N. Batav | 0.00 | 0.00 | | 0.00 | FA |
| Mortgage balance exceeds value of real estate as to corporation therefore debtor's interest has no value. | | | | | |
| 22. S.D&P ASSOCIATES, INC | 0.00 | 0.00 | | 0.00 | FA |
| Mortgage balance exceeds value of real estate as to corporation therefore debtor's interest has no value. | | | | | |
| 23. S.D&G ASSOCIATES, INC.25% ownership | 0.00 | 0.00 | | 0.00 | FA |
| Mortgage balance exceeds value of real estate as to corporation therefore debtor's interest has no value. | | | | | |
| 24. Account receivable | 0.00 | 0.00 | | 0.00 | FA |
| owed note receivable from SD&B Enterprises in amount $23,463.17; corporation is insolvent and amount is not collectable. | | | | | |
| 25. Account receivable | 0.00 | 0.00 | | 0.00 | FA |
| note receivable totaling $54,386.34 from SD&A Enterprises, Inc., corporation is insolvent and amount is not collectable. | | | | | |
| 26. 2002 Chevy Express Van | 2,500.00 | 2,500.00 | | 1,860.00 | FA |
| 27. 2007 Chevrolet Colorado Regular Cab 37,000 miles | 7,900.00 | 5,500.00 | | 4,140.00 | FA |
| 28. Fradulent Transfer (u) | 0.00 | 5,000.00 | | 5,000.00 | FA |
| Fradulent Transfer Claims against Debtor's Wife | | | | | |
| 29. Rents (u) | 0.00 | 6,820.00 | | 6,820.00 | FA |
| Rental Income proceeds from various Land Trust properties | | | | | |

| | | | | | Gross Value of Remaining Assets |
|---|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $2,484,010.34 | $75,189.14 | | $60,000.00 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 3
Exhibit A

| | | | |
|---|---|---|---|
| Case No: | 14-17016    DRC    Judge: DONALD R. CASSLING | Trustee Name: | Elizabeth C. Berg, Succ.Trustee |
| Case Name: | ECKBLADE, RICHARD W | Date Filed (f) or Converted (c): | 05/05/14 (f) |
| | | 341(a) Meeting Date: | 06/09/14 |
| | | Claims Bar Date: | 10/07/14 |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Successor Trustee appointed in November 2014.  Prior trustee had filed an adversary proceeding against the Debtor's spouse alleging fraudulent transfers approximately one month before his resignation. The adversary remained pending upon Successor Trustee's appointment.  Successor Trustee investigated the Debtor's assets and financial affairs as well as the claims asserted in the prior trustee's adversary.  Successor Trustee negotiated with the Debtor for a global settlement of the Estate's claims for equity in various assets and the alleged fraudulent transfers.  Pursuant to this Court's order dated February 20, 2015, the Successor Trustee settled with the Debtor of all estate claims, including the alleged fraudulent transfers claimed in the Adversary.

Initial Projected Date of Final Report (TFR): 12/31/15        Current Projected Date of Final Report (TFR): 12/31/15

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

Page: 1

| Case No: | 14-17016 -DRC | Trustee Name: | Elizabeth C. Berg, Succ. Trustee |
|---|---|---|---|
| Case Name: | ECKBLADE, RICHARD W | Bank Name: | Associated Bank |
| | | Account Number / CD #: | *******6401 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******8955 | | |
| For Period Ending: | 04/30/15 | Blanket Bond (per case limit): | |
| | | Separate Bond (if applicable): | $ 50,000,000.00 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 02/10/15 | * NOTE * | SANDRA J ECKBLADE TRUSTEE<br>132 N. WATER STREET, UNIT 401<br>BATAVIA, IL 60510 | SETTLEMENT - VARIOUS ASSETS<br>* NOTE * Properties 7, 9, 11, 12, 26, 27, 28, 29 | 1129-000 | 60,000.00 | | 60,000.00 |
| 03/06/15 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 51.78 | 59,948.22 |

|  |  |  |  |
|---|---|---|---|
| COLUMN TOTALS | 60,000.00 | 51.78 | 59,948.22 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 60,000.00 | 51.78 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 60,000.00 | 51.78 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account (Non-Interest Earn - ********6401 | 60,000.00 | 51.78 | 59,948.22 |
| | ----------------------- | ----------------------- | ----------------------- |
| | 60,000.00 | 51.78 | 59,948.22 |
| | ============ | ============ | ============ |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals  60,000.00  51.78

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: April 30, 2015 |

Case Number: 14-17016  
Debtor Name: ECKBLADE, RICHARD W

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---:|---:|---:|
| 001<br>2700-00 | U.S. Bankruptcy Court<br>219 S. Dearborn<br>Chicago, IL 60604 | Administrative | Deferred filing fee 14-A-00701 | $306.00 | $0.00 | $306.00 |
| 001<br>2100-00 | Elizabeth C. Berg, Trustee<br>c/o Baldi Berg, Ltd.<br>20 N. Clark Street #200<br>Chicago IL 60602 | Administrative | | $6,250.00 | $0.00 | $6,250.00 |
| 001<br>3110-00 | Baldi Berg, Ltd.<br>20 N. Clark Street, Ste. 200<br>Chicago, IL 60602 | Administrative | | $2,420.00 | $0.00 | $2,420.00 |
| | Subtotal for Class Administrative | | | $8,976.00 | $0.00 | $8,976.00 |
| 000001<br>080<br>7200-00 | MB Financial Bank N A<br>Robert L. Dawidiuk<br>Colins Law Firm<br>770 N Park Street, Suite 200<br>Naperville, IL 60563 | Unsecured | for loan gurantee/deficiency judgment<br>(1-1) Modified to correct creditors address MF 2/4/15 | $2,454,174.82 | $0.00 | $2,454,174.82 |
| | Subtotal for Class Unsecured | | | $2,454,174.82 | $0.00 | $2,454,174.82 |
| | Case Totals: | | | $2,463,150.82 | $0.00 | $2,463,150.82 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

### SUCCESSOR TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 14-17016
Case Name: ECKBLADE, RICHARD W
Trustee Name: Elizabeth C. Berg, Successor Trustee

Balance on hand                                                                 $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Elizabeth C. Berg, Trustee | $ | $ | $ |
| Attorney for Trustee Fees: Baldi Berg, Ltd. | $ | $ | $ |
| Charges: U.S. Bankruptcy Court | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses        $_____

Remaining Balance                                              $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

Document      Page 9 of 10

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

NONE

Tardily filed claims of general (unsecured) creditors totaling $           have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent.

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | MB Financial Bank N A | $ | $ | $ |

Total to be paid to tardy general unsecured creditors    $_____

Remaining Balance    $_____

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE